UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD LEWIS BELL, SR.,

    Plaintiff,

v.                                      Case No. 5:14cv191/RV/CJK

R. P. TIFFT PAULIN,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process, and because plaintiff's complaint fails to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Florida Department of Corrections (DOC) currently confined at Holmes Correctional Institution (Holmes CI). (Doc. 1). Plaintiff's complaint names one defendant: R.P. Tifft Paulin, a mailroom clerk and mail collection representative at Holmes CI. Plaintiff alleges defendant Paulin violated the

DOC procedure for outgoing legal mail, FLA. ADMIN. CODE r. 33-210.102(G), when she failed to properly seal plaintiff's legal mail, resulting in three envelopes reopening. Plaintiff asserts that he attempted to resolve this ongoing problem by sealing his own legal mail, but defendant Paulin reopened the mail and wrote plaintiff a disciplinary report accusing him of "l[ying] to her about sealing his legal mail." (Doc. 1, p. 6). Plaintiff states he was convicted of the disciplinary infraction and sentenced to 60 days punitive segregation, which involved "extra duty in the sun." (*Id.*). Plaintiff informed the disciplinary hearing team that he has skin cancer and that working in the sun without protection for his arms, face, neck and head would cause pain and suffering. (*Id.*). Plaintiff's allegations end here and, based on these allegations, plaintiff seeks to hold defendant Paulin liable under the Eighth Amendment for "cruel and unusual punishment, pain and suffering, mental anguish, emotional injuries due to skin cancer without proper protection to arms, head, face neck" (doc. 1, p. 7), arguing that "her conduct as mailroom clerk went beyond unreasonable state of mind her reckless and disregarding of Ch. 33-210.102(G) that brought mental anguish and emotional injuries, plus out of pocket cost, that the plaintiff had to pay to repair his legal documents." (Doc. 1, p. 6). As relief, plaintiff seeks "compensatory damages of $2800.00 plus attorney fees consisting of $7500.00 plus further medical expenses, punitive damages plus noneconomic damages for mental anguish, emotional injuries, plus monetary injuries, as the court deems proper. $100,000 in damages." (Doc. 1, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's

complaint was signed and submitted to prison officials for mailing on August 7, 2014. (Doc. 1, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. (*Id.*).

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. (*Id.*, p. 4).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL**

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 1, p. 3).

*Case No: 5:14cv191/RV/CJK*

**CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other action in federal court challenging the conditions of his confinement and had not had any action in federal court dismissed prior to service or for failing to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The clerk has advised and the court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated at least two other actions in federal court that required disclosure. On June 16, 2011, plaintiff, while incarcerated at the Escambia County Jail, filed a civil rights complaint under 42 U.S.C. § 1983 in this court complaining about a rat infestation at the Jail. *See Bell v. Morgan*, Case Number 3:11cv286/MW/CJK. The case was dismissed on January

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Case No: 5:14cv191/RV/CJK*

7, 2013, prior to service, due to plaintiff's failure to comply with an order of the court. Plaintiff did not disclose this federal action in the instant complaint.

In addition, on November 28, 2011, plaintiff, while incarcerated at the Escambia County Jail, filed a civil rights complaint under 42 U.S.C. § 1983 in this court challenging Knox Pest Control's use of rat poison instead of rodent traps at the Escambia County Jail. *See Bell v. Knox*, Case Number 3:11cv572/LC/EMT. The action was dismissed on January 20, 2012, prior to service, under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted. Plaintiff did not disclose this federal action in the instant complaint. Both of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear either his Florida Department of Corrections' inmate number, DC #V03349, or his Escambia County Jail inmate number, 10006437.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little

or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Even had plaintiff provided the court with truthful responses regarding his litigation history, this cause would be subject to dismissal on the merits, as plaintiff has not and cannot, even with amendment, state a plausible Eighth Amendment or due process claim for damages against defendant Paulin arising from either her failing to properly seal plaintiff's mail, her charging plaintiff with a disciplinary infraction, or the disciplinary hearing team's sentencing plaintiff to outside work detail. *See Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (holding that an Eighth Amendment conditions-of-confinement claim requires "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'") (*quoting Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994))); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted) (holding that an Eighth Amendment deliberate indifference claim requires "proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995) (holding that a prisoner makes a plausible showing of a constitutionally protected liberty interest implicating constitutional due process concerns only when: (1) the actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) a prison restraint "imposes atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life.") *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §1915(e)(2)(B) as malicious for plaintiff's abuse of the judicial process and, alternatively for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of August, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).